In the Matter of JAMES WOODS, Appellant, v MEENAKSHI SRINIVASAN et al., Respondents. [968 NYS2d 80]—

Judgment, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 6, 2011, denying the petition and dismissing the proceeding, brought pursuant to CPLR article 78, to annul a determination by respondent Board of Standards and Appeals of the City of New York (BSA), dated July 13, 2010, which denied petitioner's zoning variance application, unanimously reversed, on the law, without costs, and the matter remanded to respondent BSA for reconsideration of petitioner's application.

The evidence presented at the hearing establishes that petitioner erected a building on his property in good faith reliance upon a construction permit issued by respondent New York City Department of Buildings (DOB), which DOB invalidated only after the building's substantial completion (*see Matter of Pantelidis v New York City Bd. of Stds. & Appeals*, 10 Misc 3d 1077[A], 2005 NY Slip Op 52249[U] [Sup Ct, NY County 2005], *affd* 43 AD3d 314 [1st Dept 2007], *affd* 10 NY3d 846 [2008]; *Matter of Jayne Estates v Raynor*, 22 NY2d 417, 422 [1968]). Petitioner's architect understood that DOB's interpretation of NY City Zoning Resolution § 23-49 permitted the building to be constructed along the property's side lot line, and DOB's plan examiner fully reviewed petitioner's plans for compliance with zoning regulations and approved them. Thereafter, DOB issued construction permits and petitioner erected his building in reliance upon the approved plans and permits. DOB subsequently changed its interpretation of NY City Zoning Resolution § 23-49 and issued a stop work order.

Contrary to the motion court's finding, DOB, not petitioner, was in the best position to avoid the erroneous issuance of the permit. BSA's determination denying petitioner's variance application on the ground that he did not rely, in good faith, on

DOB's permit, must be annulled, and the matter remanded to BSA to consider whether petitioner satisfied the remaining elements required for a variance (*see* NY City Zoning Resolution § 72-21). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ. 